UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

A true printed copy in __3__ sheet(s) of the electronic record filed on 10/3/18, in the United States District Court for the District of Minnesota.
CERTIFIED, _____October 03 2018_____
Kate M. Fogarty, Clerk
BY: _____
Deputy Clerk

IN RE: CENTURYLINK SALES PRACTICES
AND SECURITIES LITIGATION            MDL No. 2795

## TRANSFER ORDER

Before the Panel:[*] Plaintiffs and defendants in three shareholder derivative actions (Flanders, Ault, and Barbree) move under Panel Rule 7.1 to vacate our orders conditionally transferring the actions to the District of Minnesota for inclusion in MDL No. 2795. The actions, which are pending in the Western District of Louisiana, are listed on the attached Schedule A. The State of Oregon, which is the lead plaintiff in the securities class action in the MDL, opposes the motions.

After considering the arguments of counsel, we find that Flanders, Ault, and Barbree involve common questions of fact with the consumer actions transferred to MDL No. 2795, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in the MDL "share factual questions arising from allegations that [CenturyLink and its affiliates] . . . engaged in a range of deceptive or otherwise improper practices, such as billing subscribers for telephone lines or services that the subscribers did not request, billing subscribers higher rates than the rates quoted during sales calls, imposing early termination fees when subscribers cancelled the services due to the higher-than-quoted rates, charging for periods of service before the service was connected or products received, and failing to process subscribers' service cancellation requests in a timely manner." In re: CenturyLink Residential Customer Billing Disputes Litig., 280 F. Supp. 3d 1383, 1384(J.P.M.L. 2017). These three actions plainly involve those same questions.[1] Indeed, the complaints in both Flanders and Ault specifically aver that the allegations are based, in part, on the pleadings, papers, and any documents filed in the securities actions earlier transferred to the MDL. See Flanders Compl. at 1; Ault Compl. at 1. The complaint in Barbree likewise contains multiple references to the securities litigation. See Barbree Compl. ¶¶ 78-102.

The moving parties' arguments against transfer are unavailing. Plaintiffs' assertion that the shared factual issues are not complicated is not supported by the record. Plaintiffs' argument that these actions have strong ties to Louisiana (in that CenturyLink is a Louisiana corporation with its principal executive offices in Monroe, and the majority of the conduct at issue likely occurred there)

---

[*] Judge Charles R. Breyer took no part in the decision of this matter.

[1] Subsequent to the filing of these three actions, a fourth derivative action was directly filed in the District of Minnesota, and included in the MDL.

- 2 -

also is unpersuasive. When we centralized this docket in the District of Minnesota, we were "well aware that CenturyLink and all its affiliates were headquartered in Monroe, Louisiana, and that the relevant corporate decisions reportedly all had been made in Monroe." See Transfer Order, at 2 (J.P.M.L. Feb. 1, 2018) (ECF No. 101) (transferring securities actions to the MDL over similar objections).

Moving defendants' yet-to-be filed motions to dismiss also do not constitute good grounds for vacatur. The transferee court is fully capable of ruling on those motions. See In re: ClassicStar Mare Lease Litig., 528 F. Supp. 2d 1345, 1347 (J.P.M.L. 2007) (denying defendant's request that transfer of action be delayed until transferor court ruled on defendant's motion to dismiss); see also In re: Bank of N.Y. Mellon Corp. Foreign Exch. Transactions Litig., 857 F. Supp. 2d 1371, 1374 (J.P.M.L. 2012) (denying plaintiff's request for "an open-ended delay on the transfer of its action until the issuance of a ruling on a motion to dismiss pending therein"). To the extent that the motions present novel and difficult issues of Louisiana law (as defendants contend), we note that those same issues likely will arise in the two related derivative actions recently remanded to Louisiana state court.[2] If the transferee judge deems it advisable, he is free to coordinate his ruling(s) on the motions to dismiss in the federal derivative actions with those of the Louisiana judge(s) presiding over the state court actions. In any event, transfer has the benefit of placing all the federal derivative actions before one judge, rather than leaving three in the Western District of Louisiana and one in the District of Minnesota.

IT IS THEREFORE ORDERED that these three actions are transferred to the District of Minnesota, and, with the consent of that court, assigned to the Honorable Michael J. Davis for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_
Sarah S. Vance
Chair

Marjorie O. Rendell        Lewis A. Kaplan
Ellen Segal Huvelle        R. David Proctor
Catherine D. Perry

---

[2] Pinsly v. Post, No. 18-02002, 4th Judicial District (Ouachita); and Castagna v. Post, No. 18-02006, 4th Judicial District (Ouachita).

IN RE: CENTURYLINK SALES PRACTICES
AND SECURITIES LITIGATION

MDL No. 2795

## SCHEDULE A

Western District of Louisiana

FLANDERS v. POST, ET AL., C.A. No. 3:18-00753   18-cv-2833 MJD/KMM
AULT v. POST, ET AL., C.A. No. 3:18-00755   18-2834 MJD/KMM
BARBREE, ET AL. v. BEJAR, ET AL., C.A. No. 3:18-00870   18-2835 MJD/KMM